UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA D. CHAMBERS, | : | Case No. 1:13-cv-618 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| CINCINNATI SCHOOL BOARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY DISMISSING THE COMPLAINT WITHOUT
PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

This case is before the Court on the Motion to Dismiss the Refiled Complaint

(Doc. 6) filed by Defendants the Cincinnati City School District Board of Education,

Rolinda Gaither and Nancy Wetterer (collectively referred to as "Defendants").  Plaintiff

filed a Memorandum in Opposition to Defendants' Motion.  (Doc. 10).  Defendants filed

a Reply in Support of the Motion to Dismiss the Refiled Complaint.  (Doc. 11).

Defendants' Motion is now ripe for decision by the Court.

## I.  FACTUAL ALLEGATIONS[1]

Plaintiff Angela Chambers filed the Complaint in this case on September 5, 2013,

alleging that her daughter Jamila Chambers is an incompetent minor female who was a

student in the special education program at Hughes Center High School ("HCHS").

---

[1] For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true.  *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

HCHS is a high school within the Cincinnati School District and is governed by the Cincinnati Board of Education ("Board").

According to the Complaint, Defendant Rolinda Gaither was an employee of the Board, and the Special Needs Supervisor at HCHS, whose duties included managing the Individualized Educational Program ("IEP") for Jamila at HCHS. Defendant Nancy Wetterer was also an employee of the Board, and a teacher in the Special Needs program at HCHS, responsible for implementing the IEP for Jamila. Plaintiff contends that both Gaither and Wetterer were responsible for Jamilia's safety and protection at HCHS.

On March 9, 2010, Jamila and a male student at HCHS named Shane, who also was suffering from mental and/or developmental disabilities and also under the supervision of the Defendants, were allowed to be alone by themselves without supervision or protection for a significant period of time. During this long period of time, Shane sexually assaulted Jamila by threatening and coercing her to engage in sexual activity with him and, in particular, by fondling and licking her breasts and by penetrating Jamila's anus with his penis. Jamila, as an incompetent person suffering from mental and emotional disabilities, was unable to consent to sexual activity, unable to appreciate the danger presented by Shane, and unable to protect herself. Plaintiff alleges that Defendants knew or should have known of the danger posed by failing to supervise both Jamila and Shane for a long period of time, thereby failing in their duty to protect and supervise Jamila.

In the Complaint, Plaintiff asserts state law claims for assault and battery, intentional and negligent infliction of emotional distress, negligent supervision and loss of consortium.  Plaintiffs also assert claims against Shane's parents, who are not yet named in the Complaint nor represented by the undersigned counsel.  Finally, Plaintiff alleges violations of the Individuals with Disabilities Education Act ("IDEA").

## II.  ANALYSIS

Because this case presents no dispute between diverse citizens, Plaintiff asserts that the Court possesses federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff asserts no claims under 42 U.S.C. § 1983, and the only federal law referenced in Plaintiff's Complaint is IDEA.  Accordingly, the Court will begin by addressing Defendants' arguments concerning the alleged violations of the IDEA.

Defendants move to dismiss any claims based on violations of the IDEA on the basis that Plaintiff failed to exhaust administrative remedies and because such claims are time-barred.  Defendants also argue that the damages Plaintiff seeks in this case are not available under the IDEA.  In response, Plaintiff acknowledges that she does not seek relief under the IDEA, and states that the alleged violations of the IDEA are included in the Complaint to establish a breach of duty underlying the state law tort claims asserted.[2]

---

[2] Specifically, Plaintiff states that the Board owed a duty to Jamilia pursuant to the IDEA "to provide for the safety and supervision of special needs children[,]" and that "[t]he breach of such duty is one basis for the negligence claims of the Plaintiffs."  (Doc. 10, PAGEID 50).

(Doc. 10). Plaintiff further argues that exhaustion of administrative remedies under the circumstances presented here would be futile and is therefore unnecessary.

With regard to exhaustion, "[i]n general, actions brought under the IDEA must adhere to the exhaustion requirement." *Doe v. Bd. of Educ. Of Elyria City Sch.*, 149 F.3d 1182, 1998 WL 344061, *3 (6th Cir. May 27, 1998) (citing *Riley v. Ambach*, 668 F.2d 635, 640-41 (2nd Cir. 1991)); *see also S.E. v. Grant Cnty. Bd. of Educ.*, 544 F.3d 633 (6th Cir. 2008); *Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x 427 (6th Cir. 2006). Thus, plaintiffs must "exhaust their administrative remedies before bringing a civil action to enforce their rights under the IDEA." *Gean v. Hattaway*, 330 F.3d 758, 773 (6th Cir. 2003).

Even when, as here, a plaintiff does not rely on the IDEA as the source of her claims, if any claim is directly related to providing a "free appropriate public education" ("FAPE") to a disabled child, such a claim requires the exhaustion of administrative remedies. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 916 (6th Cir. 2000). In other words, "when a plaintiff has alleged injuries that could be redressed to any degree by the IDEA's procedures and remedies, exhaustion of those remedies is required." *S.E.*, 544 F.3d at 642. However, "parents may bypass the administrative process where exhaustion would be futile or inadequate." *Honig v. Doe*, 484 U.S. 305, 327 (1988).

Plaintiff here alleges futility in pursuing administrative remedies because "only resort to the Courts can address the damages suffered by the Plaintiffs." (Doc. 1, PAGEID 7). Thus, the inquiry is whether the injuries alleged are the type of injuries that

4

can be redressed by the IDEA's administrative procedures and remedies.  *S.E.*, 544 F.3d

at 642.  If not, the claims necessarily fall outside the IDEA's scope, and exhaustion is

unnecessary.  *Padilla ex rel. Padilla v. Sch. Dist. No. 1*, 233 F.3d 1268, 1274 (10th Cir.

2000) (noting that the exhaustion is required only where a plaintiff "is 'seeking relief that

is also available under' the IDEA").

        Plaintiff here seeks no redress for educational-based injuries, *i.e.*, "Plaintiff makes

no complaints regarding her current educational situation."  *Id*.  Instead, Plaintiff seeks

damages solely to compensate Jamilia for physical and emotional injuries suffered as a

result of the March 9, 2010 attack.  Based on the conclusions in the aforementioned

cases, it appears Plaintiff was not required to exhaust the IDEA's administrative remedies

because the injuries alleged in this case cannot be redressed under the IDEA.  *See*

*Covington*, 205 F.3d at 917-18.  Accordingly, it appears from the allegations in the

Complaint that Plaintiff's "non-educational, tort-based claims are not permitted under the

IDEA and thus cannot 'arise under' the statute" - so exhaustion would not be required.

*P.R. v. Central Texas Autism Center, Inc.*, No. A-08-CA-821 LY, 2009 WL 1393291, *6-

7 (W.D. Tex. May 15, 2009).

        This analysis leads to the question whether the Court possesses federal question

jurisdiction where Plaintiff simply asserts that IDEA violations establish a breach of duty

underlying state law tort claims.  Courts considering "whether the creation under…the

IDEA of a duty of care is sufficient to confer federal question jurisdiction in the absence

of a claim brought under another federal statute, such as 42 U.S.C. 1983[,]" conclude that

it does not.  *Reuther v. Shiloh Sc. Dist. No. 85*, No. 07-cv-689-JPG, 2008 WL 191195,

\*3-4 (S.D. Ill. Jan. 18, 2008) (finding no federal question jurisdiction where plaintiffs

"advance federal law solely as the creator of the duties owed [the student]" and "the

theories upon which their claims are based are solely state tort law"); *see also P.R.*, 2009

WL 1393291 at \*6-7 (concluding that "Plaintiffs' claims do not raise a question of

disputed federal law that would support federal jurisdiction" where "Plaintiffs are not

complaining about [the student's] current educational situation]…and are not seeking a

change to [the student's behavior intervention plan]…but rather are seeking monetary

damages for physical and emotional injuries").

　　Because Plaintiff sets forth only non-educational, state law tort-based claims

seeking monetary damages for physical and emotional injuries, the Court concludes that

Plaintiff's claims do not "arise" under federal law.  *Reuther*, 2008 WL 191195 at \*3-4;

*P.R.*, 2009 WL 1393291 at \*6-7.  As a result, the Court lacks subject matter jurisdiction

over this case and, therefore, **DISMISSES** Plaintiff's Complaint **WITHOUT**

**PREJUDICE** for lack of subject matter jurisdiction.

　　**IT IS SO ORDERED.**


Date:  5/13/14　　　　　　　　　　　　　　　　　*/s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　United States District Judge